**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICK BRADY, | No.   21-16386 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00489-TLN-AC |
| v. | |
| SCOTT JONES, Sheriff; ERIK MANESS, Sheriff; BRANDON LUKE, Commander; SHAUN HAMPTUN, Deputy Sheriff; SAIKA, Sargent; VILLANUEVA, Sargant; DONALD WASHINGTON, U.S. Marshal's National Director; LASHA BOYDEN, U.S. Marshal; HEADLY; MEEKS; FISHER; PFAU, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted March 14, 2023[**]

Before:   SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Former California pretrial detainee Patrick Brady appeals pro se from the

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, reverse in part, and remand.

The district court properly dismissed Brady's claim that defendants were deliberately indifferent to his safety because Brady failed to allege facts sufficient to show that defendants exposed Brady to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference").

The district court dismissed Brady's due process claim arising from his placement in a Total Separation Unit on the ground that Brady failed to allege facts sufficient to show punitive intent on the part of any defendant. However, Brady alleged that the reasons given for his placement in the Total Separation Unit did not justify such a restrictive housing designation. Liberally construed, these allegations are sufficient to state a plausible due process claim. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (pretrial detainees have a substantive due process right to

be free from restrictions that amount to punishment); *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045-46 (9th Cir. 2002) ("[P]unitive intent can be inferred from the nature of the restriction. This determination . . . will generally turn upon whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether the restriction appears excessive in relation to the alternative purpose assigned to it." (citations and quotation marks omitted)).

The district court dismissed Brady's claim for violation of his right to confer privately with counsel because Brady failed to demonstrate any resulting injury to his defense in his criminal case. However, a showing of actual injury to a legal claim is not required to state a claim for violation of attorney-client confidentiality under the First and Sixth Amendments. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017) (allegation that the right to privately confer with counsel has been chilled is sufficient to state a First Amendment claim; prisoner does not need to "show any actual injury beyond the free speech violation itself to state a constitutional claim" (citation and quotation marks omitted)); *Mangiaracina v. Penzone*, 849 F.3d 1191, 1196-97 (9th Cir. 2017) (violation of attorney-client confidentiality in connection with a criminal case is actionable under the Sixth Amendment).

In sum, we affirm the judgment as to Brady's deliberate indifference to safety claim, reverse the judgment as to Brady's claims related to his placement in

the Total Separation Unit and interference with his confidential legal visits, and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, REVERSED in part, and REMANDED.**